```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
                                         :        14cv2695 (DLC)
NEW YORK STANDARD MECHANICAL CORP.,      :
                                         :     MEMORANDUM OPINION
              Plaintiff,                 :         AND ORDER
                                         :
        -v-                              :
                                         :
U.S. SPECIALTY INSURANCE COMPANY d/b/a   :
HCC SURETY GROUP,                        :
              Defendant.                 :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

The plaintiff, New York Standard Mechanical Corp., seeks to recover money it claims is due for its work on a construction project. The defendant, U.S. Specialty Insurance Co., is the surety for Delight Construction Corp., the company that hired the plaintiff to perform the construction work. A jury trial is scheduled to begin on October 5, 2015. On September 24, the defendant submitted a letter motion to preclude the use of a misdemeanor criminal conviction to impeach its witness under Fed. R. Evid. 609(a). The witness is the president of Delight Construction Corp. Plaintiff filed its opposition on September 28.

Fed. R. Evid. 609(a)(2) provides that, when "attacking a witness's character for truthfulness by evidence of a criminal conviction," a conviction "must be admitted if the court can

readily determine that establishing the elements of the crime required proving -- or the witness admitting -- a dishonest act or false statement." This includes misdemeanor convictions. <u>United States v. Estrada</u>, 430 F.3d 606, 615 (2d Cir. 2005).

The Advisory Committee Notes for the 2006 Amendments to Rule 609 explain that crimes of dishonesty and false statement are "crimes such as perjury, subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of <u>crimen falsi</u>." The Advisory Committee Notes further explain that commission of these <u>crimina falsi</u> "involves some element of deceit, untruthfulness, or falsification bearing on the witness's propensity to testify truthfully." (Citation omitted).

At least for certain underlying misdemeanor convictions, such as larceny, the Court of Appeals "look[s] beyond the elements of the offense to determine whether the conviction rested upon facts establishing dishonesty or false statement." <u>Estrada</u>, 430 F.3d at 614 (citation omitted). For example, some misdemeanor larceny convictions may be admissible under Rule 609 because they involved deception, whereas other types of larceny, such as shoplifting, are inadmissible for impeachment. <u>Id.</u> <u>See United States v. Hayes</u>, 553 F.2d 824, 827 (2d Cir. 1977). In general, crimes of "force" or "stealth" do not come within Rule

2

609(a)(2), and in order to admit a misdemeanor conviction, the proponent must "demonstrate to the court that a particular prior conviction rested on facts warranting the dishonesty or false statement description." Hayes, 553 F.2d at 827 (citation omitted).

In 2012, one of defendant's witnesses, Mohammed Aziz ("Aziz"), pled guilty to criminal facilitation in the fourth degree.  The crime is a Class A misdemeanor under N.Y. Penal Law § 115.00.  A person is guilty of criminal facilitation in the fourth degree when, "believing it probable that he is rendering aid" "to a person who intends to commit a crime, he engages in conduct which provides such person with means or opportunity for the commission thereof and which in fact aids such person to commit a felony . . . ."  NYPL § 115.00.  Criminal facilitation in the fourth degree has three elements:

> (1) the actor must have had a belief that it was probable that he or she was rendering aid to a person intending to commit a crime; (2) he or she must have engaged in conduct which provided the means or opportunity for the commission of the crime; and (3) his or her conduct must have been such that it did, in fact, aid the other to commit a felony.

In re Luis O., 815 N.Y.S.2d 57, 59 (1st Dep't 2006).

The elements of misdemeanor criminal facilitation do not require that the State prove a dishonest act or false statement.  Thus, unless there is a proper showing that the conviction

3

involved an element of deceit bearing upon the propensity to testify truthfully, evidence of such conviction is barred.

The plaintiff argues that Aziz's conviction was a crime of falsity because he pled guilty to criminal facilitation after attempting to bribe a city councilwoman in exchange for her help securing a contract with New York City.  The Advisory Committee Notes to Rule 609 provide that, where the "deceitful nature of the crime is not apparent from the statute and the face of the judgment . . . a proponent may offer information such as an indictment, a statement of admitted facts, or jury instructions to show" that "an act of dishonesty or false statement" was required for "the witness to have been convicted."  Further, the Advisory Committee Notes state that the Rule "requires that the proponent have ready proof that the conviction required . . . the defendant to admit[] an act of dishonesty" (emphasis added).  Plaintiff has not provided any such evidence, either in sworn affidavits or authenticated documents associated with Aziz's misdemeanor conviction.  Further, plaintiff has not identified any facts indicating that Aziz falsified documents, made affirmative misrepresentations, or committed other acts held to be crimes of dishonesty under Rule 609(a)(2).[1]  The plaintiff, as

---

[1] Plaintiff relies on one case from the Fifth Circuit finding, without explanation or analysis, that bribery is a crimen falsi

the proffering party, has not met its burden of showing that the conviction is admissible under Fed. R. Evid. 609(a)(2).

## Conclusion

The defendant's September 24, 2015 motion to preclude use of a criminal conviction is granted.

Dated:   New York, New York
         September 29, 2015

```
               _____
                      DENISE COTE
               United States District Judge
```

---

under Rule 609.  United States v. Williams, 642 F.2d 136 (5th Cir. 1981).